T|W

**Thompson Wigdor LLP** ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003

Tel 212.257.6800
Fax 212.257.6845
www.thompsonwigdor.com

**Lawrence M. Pearson**
lpearson@thompsonwigdor.com

May 7, 2012

RECEIVED MAY 08 2012
CHAMBERS OF HONORABLE PAUL A. CROTTY U.S.D.J.

**VIA HAND DELIVERY**

The Honorable Paul A. Crotty
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   Voelker v. Deutsche Bank, 11 CIV 6362 (PAC)

Dear Judge Crotty:

*[Handwritten: May 18, 2012 — There is no need for a pre-motion conference. Leave to file amended complaint is granted.]*

**SO ORDERED:** 5-18-12

*[Signature]*

HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

We represent Plaintiff Kelley Voelker ("Plaintiff" or "Ms. Voelker") in the above-referenced matter. Ms. Voelker has asserted claims against Defendant Deutsche Bank AG ("Defendant" or "Deutsche Bank") for unlawful discrimination and retaliation. Pursuant to Your Honor's Individual Practices, we write to respectfully <u>request a pre-motion conference regarding Plaintiff's anticipated motion for leave to amend her Complaint pursuant to Fed. R. Civ. P. 15(a)(2).</u>[1] Plaintiff seeks to amend her Complaint to assert claims against Defendant for discrimination and retaliation under Title VII, as well as for violations of the Pregnancy Discrimination Act ("PDA"). Defendant has indicated to Plaintiff that the anticipated motion will be unopposed.

I.   **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Ms. Voelker filed her original Complaint on September 12, 2011, invoking the Court's subject matter jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1343 and 1367(a), to redress Defendant's unlawful employment practices, including unlawful discrimination and retaliation against Plaintiff in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d), New York Labor Law §§ 290 *et seq.*, the New York State Human Rights Law, N.Y. Executive Law §§ 290 *et seq.* ("State HRL"), the New York City Human Rights Law, N.Y. City Administrative Code §§ 8-101

---

[1]   A copy of the "Proposed Amended Complaint" is attached hereto as Exhibit A. A "blackline" version of the Proposed Amended Complaint, showing the differences between it and the original Complaint, is attached hereto as Exhibit B.

*[Right margin: MEMO ENDORSED]*

**Thompson Wigdor LLP** ATTORNEYS AND COUNSELORS AT LAW

*Honorable Paul A. Crotty*
May 7, 2012
Page 2

*et seq.* ("City HRL"), as well as Defendant's retaliation and unlawful interference with Plaintiff's exercise of her rights under the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"). (See ECF Dkt. No. 1). On November 4, 2011, Defendant filed its Answer. (See ECF Dkt. No. 7).

Contemporaneous with the filing of her Complaint, Ms. Voelker filed a charge with the EEOC, alleging that Defendants discriminated against her on the basis of her gender and/or pregnancy in violation of Title VII and the Pregnancy Discrimination Act. On or about March 14, 2012, Ms. Voelker received her right to sue letter from the EEOC.[2]

In discussions among counsel, Defendant has indicated that it will not oppose the anticipated motion for leave to amend. As set forth in greater detail below, the Proposed Amended Complaint asserts meritorious Title VII and Pregnancy Discrimination Act claims for which the 90-day deadline on Plaintiff's right to sue will shortly expire, and the proposed amendment would not unfairly prejudice Defendant.

## II.   BASIS FOR AMENDMENT

Rule 15(a) of the Federal Rules of Procedure governs the amendment of pleadings before trial. Rule 15(a)(2) states that a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, leave to amend should be granted freely, and amendment is typically permitted. See Foman v. Davis, 371 U.S. 178, 182 (1962). Indeed, amendments are favored, as they tend "to facilitate a proper decision on the merits." Junior Gallery, Ltd. v. Neptune Orient Line, Ltd., 94 Civ. 4518(DC), 1997 WL 26293 at *2 (S.D.N.Y. Jan. 22, 1997)(quoting Conley v. Gibson, 355 U.S. 41, 48 (1957)).

In determining whether to grant leave to amend, the court should consider whether: (1) the party seeking amendment unduly delayed or acted in bad faith; (2) the amendment would be futile; or (3) the non-moving party would suffer unfair prejudice. Foman, 371 U.S. at 182. As the non-movant, Defendant would carry the burden "of demonstrating that substantial prejudice would result were the proposed amendment to be granted." See Hall v. N. Bellmore Union Free Sch. Dist., 08 Civ 1999(JS)(ARL), 2010 WL 1049280 at *2, n. 2 (E.D.N.Y. Mar. 18, 2010).

In the instant matter, application of the aforementioned standards demonstrates that Plaintiff's anticipated motion is meritorious. Plaintiff's anticipated motion would be timely brought, shortly after receiving her notice of right to sue from the EEOC. The anticipated motion also would be made in good faith and pursuant to the approaching 90-day deadline

---

[2]   The Notice of Suit Rights is attached hereto as Ex. C.

**Thompson Wigdor LLP** ATTORNEYS AND COUNSELORS AT LAW

*Honorable Paul A. Crotty*
May 7, 2012
Page 3

applicable to the proposed Title VII and PDA claims. Plaintiff would be prejudiced by the forfeiture of her Title VII and PDA claims if leave to amend were to be denied.

Similarly, "[f]utility . . . is a minimal standard to overcome-perhaps the lowest bar," Innomed Labs, LLC v. Alza Corp., 01 Civ. 8095(HB), 2002 WL 1628943 at *2 (S.D.N.Y. July 23, 2002). In granting a motion to amend a Complaint the Court must only "satisfy itself that it is colorable and not frivolous." Sumitomo Electric Research Triangle v. Corning Glass Works, 109 F.R.D. 627, 628 (S.D.N.Y. 1986). These minimal standards are readily overcome by the Proposed Amended Complaint, as each new claim is fully supported by the facts alleged in the Proposed Amended Complaint. See Ex. B.

Finally, Defendant does not oppose Plaintiff's anticipated motion for leave to amend, and has not identified any prejudice that would be suffered if it is granted.[3]

### III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests a pre-motion conference with respect to her anticipated motion for leave to amend her Complaint.

Respectfully Submitted,

*[signature]*

Lawrence M. Pearson

cc: Cliff Fonstein *(via e- mail)*

---

[3] Plaintiff's counsel has informed Defendant's counsel that the Amended Complaint also will include a retaliation cause of action under Title VII. Defendants have agreed not to raise any potential objection or argument for dismissal of this cause of action based upon administrative filing requirement grounds.