UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
KELLEY VOELKER,                                  :   11-CIV-6362
                                                 :
                    Plaintiff,                   :
                                                 :   **ANSWER TO SECOND**
       - against -                               :   **AMENDED COMPLAINT**
                                                 :
DEUTSCHE BANK AG,                                :
                                                 :
                    Defendant.                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant Deutsche Bank Securities Inc., ("Deutsche Bank"), improperly identified as Deutsche Bank AG, by its attorneys, Seyfarth Shaw LLP, as and for its Answer to the Second Amended Complaint ("Complaint") herein, states as follows:

## NATURE OF THE CLAIMS

1.      Neither admits nor denies the allegations contained in Paragraph 1 of the Complaint as the allegations state conclusions of law to which no response is required.  To the extent Paragraph 1 contains factual allegations, Deutsche Bank denies all such allegations.

2.      Denies all of the allegations contained in Paragraph 2 of the Complaint, except admits that Plaintiff filed a lawsuit against Deutsche Bank in September 2011.

3.      Denies all of the allegations contained in Paragraph 3 of the Complaint.

4.      Denies all of the allegations contained in Paragraph 4 of the Complaint, and further responds that the allegations contained in Paragraph 4 are misleading in particular, insofar as they cite: (1) an article that discusses an employee's dispute with Deutsche Bank, without citing the full case history.  *See Short v. Deutsche Bank Securities, Inc.,* 913 N.Y.S.2d 64 (N.Y.App.Div. 2010) (granting summary judgment in favor of Deutsche Bank); and (2) an inapposite 2003 decision deciding whether documents submitted to the court in support of

summary judgment were publicly accessible. *See Gambale v. Deutsche Bank AG*, No. 02-CV-4791 (HB), 2003 U.S. Dist. LEXIS 11180 (S.D.N.Y. July 2, 2003).

5.  Denies all of the allegations contained in Paragraph 5 of the Complaint.

6.  Denies all of the allegations contained in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.  Neither admits nor denies the allegations contained in Paragraph 7 of the Complaint as the allegations state conclusions of law to which no response is required.  To the extent Paragraph 7 contains factual allegations, Deutsche Bank denies all such allegations.

8.  Neither admits nor denies the allegations contained in Paragraph 8 of the Complaint as the allegations state conclusions of law to which no response is required.  To the extent Paragraph 8 contains factual allegations, Deutsche Bank denies all such allegations.

## ADMINISTRATIVE PROCEDURES

9.  Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Complaint relating to Plaintiff's filing charges with the EEOC and her receipt of a notice of right to sue from the EEOC, but admits that Deutsche Bank received a notice of charge from the EEOC relating to Plaintiff's charges.  Deutsche Bank further admits that Plaintiff's Second Amended Complaint does not contain allegations of violations of Title VII, 42 U.S.C. §§ 2000e et. seq. in connection with her termination.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

## PARTIES

13. Denies all of the allegations contained in Paragraph 12 of the Complaint, except admits that Plaintiff was a Vice President in the New York office of Deutsche Bank Securities Inc., and that its records reflect that Plaintiff is a resident of the State of New York and a citizen of the United States, and neither admits nor denies the remaining allegations contained in Paragraph 12 of the Complaint to the extent the allegations state conclusions of law to which no response is required. Deutsche Bank further responds that Deutsche Bank AG was not Plaintiff's employer; Plaintiff was employed by Deutsche Bank Securities Inc.

13. Denies all of the allegations contained in Paragraph 13 of the Complaint, except admits that Deutsche Bank Securities Inc. is a Delaware limited liability company with a principal place of business at 60 Wall Street, New York, New York, and neither admits nor denies the remaining allegations contained in Paragraph 13 of the Complaint to the extent the allegations state conclusions of law to which no response is required.

## FACTUAL ALLEGATIONS

**Deutsche Bank Hires Ms. Voelker**

14. Denies all of the allegations contained in Paragraph 14 of the Complaint.

15. Denies all of the allegations contained in Paragraph 15 of the Complaint.

16. Denies having knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint, except admits that Jim Conti completed a promotion nomination form for Plaintiff.

17. Denies having knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint with respect to certain performance reviews between 2001 and 2007. Deutsche Bank further responds that the

3

allegations contained in Paragraph 17 are misleading insofar as they rely upon selected quotations from Plaintiff's performance reviews.

18. Denies all of the allegations contained in Paragraph 18 of the Complaint.

**Hiring and Promotions at Deutsche Bank**

19. Denies all of the allegations contained in Paragraph 19 of the Complaint, except admits that Deutsche Bank hired several Vice Presidents and Directors into the Global Prime Finance team between 2002 and 2010.

20. Denies all of the allegations contained in Paragraph 20 of the Complaint, except admits that Deutsche Bank hired Craig Kolb on or about April 2, 2002 and promoted him to Director in 2007, and hired Mihir Shah on or about October 24, 2005 and promoted him to Director in 2009.

21. Denies all of the allegations contained in Paragraph 21 of the Complaint, except admits that Deutsche Bank hired Matt Roux as a Director on the Hedge Fund Sales Trading Team on or about June 15, 2009 and hired Anthony Demonte as a Director on the Hedge Fund Sales Trading team on or about May 29, 2007.

22. Denies all of the allegations contained in Paragraph 22 of the Complaint, except admits that Deutsche Bank hired Mike Schrager as a Director on the International Equity Team on or about July 6, 2010.

23. Admits the allegations contained in Paragraph 23 of the Complaint.

24. Denies all of the allegations contained in Paragraph 24 of the Complaint, except admits that Deutsche Bank promoted Tom Dunster to Director on the International Equity Team on or about February 1, 2011.

25. Deutsche Bank responds that Plaintiff's selective discussion of other Deutsche Bank employees, without context, is misleading and inappropriate. Deutsche Bank otherwise denies having knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Complaint.

**Ms. Voelker's Experience at Deutsche Bank Prior to Her 2009 Maternity Leave**

26. Denies all of the allegations contained in Paragraph 26 of the Complaint.

27. Denies all of the allegations contained in Paragraph 27 of the Complaint, except admits that a Deutsche Bank manager may have used some or all of the terms listed in Paragraph 27 of the Complaint on a limited number of occasions.

28. Denies all of the allegations contained in Paragraph 28 of the Complaint.

29. Denies all of the allegations contained in Paragraph 29 of the Complaint.

30. Denies all of the allegations contained in Paragraph 30 of the Complaint, except denies having knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of the Complaint regarding J.P. Musicco's conversation with Plaintiff prior to her first maternity leave.

31. Denies all of the allegations contained in Paragraph 31 of the Complaint, except admits that Plaintiff expressed a desire to be promoted to Director.

32. Denies all of the allegations contained in Paragraph 32 of the Complaint, except admits that Plaintiff began to work on a fully paid lending project.

33. Denies all of the allegations contained in Paragraph 33 of the Complaint, except admits that Busby assigned Plaintiff to work on the intern recruiting effort.

34. Denies all of the allegations contained in Paragraph 34 of the Complaint.

35. Denies having knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 of the Complaint.

36. Denies having knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of the Complaint.

37. Denies having knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of the Complaint.

38. Denies all of the allegations contained in Paragraph 38 of the Complaint.

**Ms. Voelker's Future with Deutsche Bank**
**Becomes Tenuous Following Maternity Leave in 2009**

39. Denies all of the allegations contained in Paragraph 39 of the Complaint.

40. Denies all of the allegations contained in Paragraph 40 of the Complaint, except admits that there was a reference to pregnancy at the options meeting.

41. Denies all of the allegations contained in Paragraph 41 of the Complaint.

42. Denies all of the allegations contained in Paragraph 42 of the Complaint.

43. Denies all of the allegations contained in Paragraph 43 of the Complaint, except admits that Paul Busby assigned Plaintiff to work on a convertible bond spreadsheet project.

44. Denies all of the allegations contained in Paragraph 44 of the Complaint.

45. Denies all of the allegations contained in Paragraph 45 of the Complaint, except admits that Paul Busby assigned Matthew Beneventi to work on a convertible bond spreadsheet project.

46. Denies all of the allegations contained in Paragraph 46 of the Complaint, except admits that Matthew Beneventi covered some of Plaintiff's accounts, including active arbitrage accounts.

47.     Denies all of the allegations contained in Paragraph 47 of the Complaint, except admits that upon Plaintiff's return from maternity leave in May 2010, Plaintiff discussed with Deutsche Bank the possibility of working on a part-time/flexible work schedule.

48.     Denies all of the allegations contained in Paragraph 48 of the Complaint.

49.     Denies all of the allegations contained in Paragraph 49 of the Complaint.

50.     Denies all of the allegations contained in Paragraph 50 of the Complaint.

51.     Denies all of the allegations contained in Paragraph 51 of the Complaint.

52.     Denies all of the allegations contained in Paragraph 52 of the Complaint, except admits that Matthew Beneventi was promoted to Director in 2011.

53.     Denies all of the allegations contained in Paragraph 53 of the Complaint, except admits that Matthew Beneventi worked on certain arbitrage accounts.

54.     Denies all of the allegations contained in Paragraph 54 of the Complaint, except admits that Plaintiff was given certain "start up" hedge fund accounts and further responds that these accounts were not "lower profile" accounts.

55.     Denies all of the allegations contained in Paragraph 55 of the Complaint, except admits that similar employees with similar roles also received reduced compensation.

56.     Denies all of the allegations contained in Paragraph 56 of the Complaint.

57.     Denies all of the allegations contained in Paragraph 57 of the Complaint.

58.     Denies all of the allegations contained in Paragraph 58 of the Complaint, except admits that, when discussing the Synthetic Equity Sales Position, John Arnone asked Plaintiff her views on who she would prefer to report to as a direct report.

59.     Denies all of the allegations contained in Paragraph 59 of the Complaint.

60. Denies all of the allegations contained in Paragraph 60 of the Complaint, except admits that in the summer of 2011 Plaintiff expressed concerns.

61. Denies all of the allegations contained in Paragraph 61 of the Complaint, except admits that Deutsche Bank gave Plaintiff a choice between remaining in her current position or moving to a Synthetic Equity Sales Position.

62. Denies all of the allegations contained in Paragraph 62 of the Complaint, except admits that Plaintiff and Kolb worked on the same "pod" within their group, and that the effective date of Kolb's resignation was September 12, 2011.

63. Denies all of the allegations contained in Paragraph 63 of the Complaint, except admits that Deutsche Bank moved Mike Schrager from the international desk to the hedge fund desk after Kolb left Deutsche Bank.

**Post-Complaint Retaliation and the Decision to Terminate Ms. Voelker**

64. Denies all of the allegations contained in Paragraph 64 of the Complaint, except admits that Plaintiff received a score of "2" in the "leading people" category of her 2011 annual performance review.

65. Denies all of the allegations contained in Paragraph 65 of the Complaint.

66. Denies all of the allegations contained in Paragraph 66 of the Complaint.

67. Denies all of the allegations contained in Paragraph 67 of the Complaint, except admits that counsel for Deutsche Bank received a letter from Plaintiff's counsel on or about August 21, 2012 regarding allegations of retaliation.

68. Denies all of the allegations contained in Paragraph 68 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Violation of 29 U.S.C. § 206(d))

69. Responding to Paragraph 69 of the Complaint, repeat and reallege Defendant's answers to Paragraphs 1 through 68 of the Complaint, as if fully set forth herein.

70. Denies all of the allegations contained in Paragraph 70 of the Complaint.

71. Denies all of the allegations contained in Paragraph 71 of the Complaint.

72. Denies all of the allegations contained in Paragraph 72 of the Complaint.

73. Denies all of the allegations contained in Paragraph 73 of the Complaint.

74. Denies all of the allegations contained in Paragraph 74 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Interference with Plaintiff's Rights under the Family Medical Leave Act)

75. Responding to Paragraph 75 of the Complaint, repeat and reallege Deutsche Bank's answers to Paragraphs 1 through 74 of the Complaint, as if fully set forth herein.

76. Denies all of the allegations contained in Paragraph 76 of the Complaint.

77. Denies all of the allegations contained in Paragraph 77 of the Complaint, except admits that Plaintiff went out on approved maternity leave in 2009 and was entitled to 16 weeks of paid maternity leave under Deutsche Bank's maternity leave policy.

78. Denies all of the allegations contained in Paragraph 78 of the Complaint.

79. Denies all of the allegations contained in Paragraph 79 of the Complaint.

80. Denies all of the allegations contained in Paragraph 80 of the Complaint.

81. Denies all of the allegations contained in Paragraph 81 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Retaliation in Violation of the Family Medical Leave Act)

82. Responding to paragraph 82 of the Complaint, repeat and reallege Deutsche Bank's answers to Paragraphs 1 through 81 of the Complaint, as if fully set forth herein.

83. Denies all of the allegations contained in Paragraph 83 of the Complaint.

84. Denies all of the allegations contained in Paragraph 84 of the Complaint, except admits that Plaintiff went out on approved maternity leave in 2009 and was entitled to 16 weeks of paid maternity leave under Deutsche Bank's maternity leave policy.

85. Denies all of the allegations contained in Paragraph 85 of the Complaint.

86. Denies all of the allegations contained in Paragraph 86 of the Complaint.

87. Denies all of the allegations contained in Paragraph 87 of the Complaint.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(Discrimination in Violation of Title VII)**

88. Responding to Paragraph 88 of the Complaint, repeat and reallege Deutsche Bank's answers to Paragraphs 1 through 87 of the Complaint, as if fully set forth herein.

89. Denies all of the allegations contained in Paragraph 89 of the Complaint.

90. Denies all of the allegations contained in Paragraph 90 of the Complaint.

91. Denies all of the allegations contained in Paragraph 91 of the Complaint.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(Retaliation in Violation of Title VII)**

92. Responding to Paragraph 92 of the Complaint, repeat and reallege Deutsche Bank's answers to Paragraphs 1 through 91 of the Complaint, as if fully set forth herein.

93. Denies all of the allegations contained in Paragraph 93 of the Complaint.

94. Denies all of the allegations contained in Paragraph 94 of the Complaint.

95. Denies all of the allegations contained in Paragraph 95 of the Complaint.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**(Discrimination in Violation of New York State Human Rights Law)**

96. Responding to Paragraph 96 of the Complaint, repeat and reallege Deutsche Bank's answers to Paragraphs 1 through 95 of the Complaint, as if fully set forth herein.

97. Denies all of the allegations contained in Paragraph 97 of the Complaint.

98. Denies all of the allegations contained in Paragraph 98 of the Complaint.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Retaliation in Violation of New York State Human Rights Law)

99. Responding to Paragraph 99 of the Complaint, repeat and reallege Deutsche Bank's answers to Paragraphs 1 through 98 of the Complaint, as if fully set forth herein.

100. Denies all of the allegations contained in Paragraph 100 of the Complaint.

101. Denies all of the allegations contained in Paragraph 101 of the Complaint.

## AS AND FOR A EIGHTH CAUSE OF ACTION
### (Discrimination in Violation of New York City Human Rights Law)

102. Responding to Paragraph 102 of the Complaint, repeat and reallege Deutsche Bank's answers to Paragraphs 1 through 101 of the Complaint, as if fully set forth herein.

103. Denies all of the allegations contained in Paragraph 103 of the Complaint.

104. Denies all of the allegations contained in Paragraph 104 of the Complaint.

105. Denies all of the allegations contained in Paragraph 105 of the Complaint.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Retaliation in Violation of New York City Human Rights Law)

106. Responding to Paragraph 106 of the Complaint, repeat and reallege Deutsche Bank's answers to Paragraphs 1 through 105 of the Complaint, as if fully set forth herein.

107. Denies all of the allegations contained in Paragraph 107 of the Complaint.

108. Denies all of the allegations contained in Paragraph 108 of the Complaint.

109. Denies all of the allegations contained in Paragraph 109 of the Complaint.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Pregnancy Discrimination in Violation of Title VII as Amended by the Pregnancy Discrimination Act)

110. Responding to Paragraph 110 of the Complaint, repeat and reallege Deutsche Bank's answers to Paragraphs 1 through 109 of the Complaint, as if fully set forth herein.

111. Denies all of the allegations contained in Paragraph 111 of the Complaint.

112. Denies all of the allegations contained in Paragraph 112 of the Complaint.

113. Denies all of the allegations contained in Paragraph 113 of the Complaint.

Deutsche Bank denies that Plaintiff is entitled to any of the relief sought in paragraphs A - J of the WHEREFORE clause on pages 26 and 27 of the Complaint, or otherwise.

## JURY DEMAND

Deutsche Bank denies that Plaintiff is entitled to a trial by jury to the extent that the laws under which Plaintiff seeks to pursue her claims do not permit such trial by jury.

Unless and only to the extent expressly admitted herein, Deutsche Bank denies any and all remaining allegations in the Complaint.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Deutsche Bank, by and through its attorneys, Seyfarth Shaw LLP, states as follows:

## FIRST AFFIRMATIVE DEFENSE

All claims raised, all allegations made and all causes of action asserted in the Complaint against Deutsche Bank fail to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint should be dismissed because, at all times relevant hereto, Deutsche Bank acted in good faith and did not violate any right that may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

**THIRD AFFIRMATIVE DEFENSE**

Assuming, *arguendo*, while vigorously denying, that Deutsche Bank injured Plaintiff, she has not demonstrated and cannot demonstrate facts sufficient to warrant compensatory, punitive or exemplary damages.

**FOURTH AFFIRMATIVE DEFENSE**

Assuming, *arguendo*, while vigorously denying, that Deutsche Bank engaged in any unlawful conduct in relation to Plaintiff's employment, Deutsche Bank still would have made the employment decisions it made with respect to Plaintiff for legitimate, non-discriminatory reasons.

**FIFTH AFFIRMATIVE DEFENSE**

Assuming, *arguendo*, while vigorously denying, that Plaintiff experienced discriminatory treatment, Plaintiff's claims are barred because Deutsche Bank exercised reasonable care to prevent and correct promptly any discriminatory behavior, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Deutsche Bank or to avoid harm otherwise.

**SIXTH AFFIRMATIVE DEFENSE**

The causes of action alleged or alluded to in the Complaint are "frivolous, unreasonable and groundless," within the meaning of *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412,

422 (1978), and, accordingly, Defendant should recover all costs and attorneys' fees incurred in defending this action.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

Deutsche Bank has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, separate defenses available.  Deutsche Bank reserves the right to assert additional separate defenses in the event discovery indicates, or Deutsche Bank otherwise becomes aware, that additional defenses would be appropriate.

**WHEREFORE,** Deutsche Bank respectfully requests that the Court enter a judgment:

1. dismissing the Complaint in its entirety with prejudice against Plaintiff;

2. granting to Deutsche Bank its costs, including attorneys' fees, incurred in this action; and

3. granting to Deutsche Bank such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 16, 2012

                    SEYFARTH SHAW LLP

                    By: _____s/_____
                        Cliff Fonstein
                        Jeremi L. Chylinski

                    620 Eighth Avenue, 31st Floor
                    New York, NY  10018-1405
                    (212) 218-5500

                    *Attorneys for Defendant*

14896897v.1

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2012, I electronically filed Defendant's Answer To Second Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Lawrence Pearson, Esq.
>Thompson Wigdor LLP
>85 Fifth Avenue
>New York, New York 10003
>(212) 257-6800

_s/_
Jeremi Chylinski
