# T|W

## Thompson Wigdor LLP ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.thompsonwigdor.com

**Douglas H. Wigdor**
dwigdor@thompsonwigdor.com

October 12, 2012

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-17-12
```

**VIA HAND DELIVERY**

The Honorable Paul A. Crotty
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    <u>Voelker v. Deutsche Bank, 11 CIV 6362 (PAC)</u>

Dear Judge Crotty:

As you know, we represent Plaintiff Kelley Voelker in the above-referenced matter. Plaintiff writes to the Court in order to submit the attached proposed Civil Case Management Plan and Scheduling Order ("CCMP"). We regret that it is necessary to take up additional Court resources, however, Counsel for Defendant Deutsche Bank AG has refused to comply with Your Honor's directive issued at the October 2, 2012 conference regarding the timeframe for, and terms of production of, electronically stored information (ESI). Therefore, the parties have agreed to submit letters with their respective positions regarding the Court's Order, as well as their proposed CCMPs.

**I.**     **The Court Ordered Production of ESI and other Documents within 30 days of Its October 2, 2012 Conference with the Parties**

During the parties' October 2, 2012 status conference with the Court, at which the significant delay in Defendant's production of ESI and hard copy documents was discussed, Your Honor ordered Defendant to produce ESI yielded by the use of previously agreed-upon electronic search terms within 30 days of the date of the conference (i.e., by no later than November 1, 2012). Defendant was to review the ESI for both privilege and responsiveness before this 30-day deadline. However, Your Honor ordered that if Defendant was unable to review the documents for responsiveness within 30 days, it must produce <u>all</u> of the non-privileged ESI yielded by the search terms in order to create a hard deadline and prevent any further delay. After the Court issued this Order, Your Honor raised the separate issue of whether a CCMP was currently in effect and ordered the parties to submit a proposed CCMP by October 12, 2012. At that point in the conference, Plaintiff's counsel inquired whether the previously set 30-day production deadline should be mentioned in the CCMP. Your Honor stated that it should.

**Thompson Wigdor LLP** ATTORNEYS AND COUNSELORS AT LAW

Honorable Paul A. Crotty
October 12, 2012
Page 2

Later on the same day as the conference with the Court, Plaintiff's counsel sent an email to the partner representing Defendant in this action, who presumably was informed of the outcome of the conference by the colleague who represented Defendant at the conference. In this email, attached as Exhibit A, Plaintiff's counsel expressly stated that the Court had Ordered Defendant to produce all documents within 30 days of the conference (*i.e.*, November 1, 2012). Defendant's counsel did not dispute this account of the Court's Order.

**II.      Defendant's Delay In Responding to Plaintiff's Proposed CCMP**

Furthermore, Defendant's delay in editing a draft CCMP prepared by Plaintiff's counsel has delayed the parties' bringing this dispute to the Court's attention in a timely fashion. On October 5, 2012, Plaintiff's counsel prepared and sent a draft CCMP to Defendant's counsel (who confirmed receipt the same day) via email. On October 10, 2012, Plaintiff's counsel, not having heard from Defendant's counsel, reminded Defendant's counsel via email of the October 12, 2012 deadline for submission of the CCMP. It was not until the following afternoon, the day before the Court ordered the CCMP to be submitted, that Defendant proposed edits to the draft CCMP, including extending the time given by the Court to produce documents and ESI to November 12, 2012 (*i.e.*, 31 days from the submission of the CCMP, rather than the conference). Defendant also, contrary to the Court's Order, removed language that would require it to produce all ESI yielded by the agreed-upon search terms in the event it does not complete its review of the documents for responsiveness.

Plaintiff maintains that Your Honor Ordered Defendant: (a) to produce all ESI and documents within 30 days of the date of the October 2, 2012 status conference; and (b) to produce every document yielded by the use of the agreed upon search terms, irrespective of responsiveness, in the event Defendant is unable to review all documents for responsiveness prior to October 2, 2012. Your Honor set the 30-day production deadline separate from and prior to requiring the parties to submit a CCMP by October 12, 2012. Defendant's counsel seeks to unilaterally grant themselves ten days more to produce documents than was contemplated by the Court, and also to vitiate the Court's clearly intentioned sanction in the event Defendant does not complete its review of the documents within the prescribed period (that Defendant produce all of the documents without further delay). Therefore, Plaintiff submits her proposed CCMP, attached hereto as Exhibit B, reflecting the Court's Order as stated above.

**Thompson Wigdor LLP** ATTORNEYS AND COUNSELORS AT LAW

Honorable Paul A. Crotty
October 12, 2012
Page 3

Please do not hesitate to contact us should the Court have any questions.

Respectfully Submitted,

Douglas H. Wigdor

cc: Cliff Fonstein (via email)

Attachments

Case 1:11-cv-06362-PAC   Document 22   Filed 10/17/12   Page 4 of 10

**From:** Douglas Wigdor [mailto:dwigdor@thompsonwigdor.com]
**Sent:** Tuesday, October 02, 2012 4:51 PM
**To:** Fonstein, Cliff
**Subject:** Voelker

SETTLEMENT COMMUNICATION

Cliff-

Missed you today at the court conference. In any event, as I am sure you heard the Judge has set this matter down for a 6 month discovery schedule (fact and expert) and given you 30 days from today to produce the documents that came back from our agreed upon search terms (although we agreed to go back only 6 years from the date Kelley filed the original complaint in this matter).

REDACTED - SETTLEMENT COMMUNICATION

**Douglas H. Wigdor**
Partner
Thompson Wigdor LLP
85 Fifth Avenue
New York, NY 10003
(212) 257-6800 (Main)
(212) 257-6845 (Fax)
dwigdor@thompsonwigdor.com
www.thompsonwigdor.com

This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
:
KELLEY VOELKER, :
               Plaintiff, :
: 11 Civ. 6362 (PAC)
     - against - :
:
DEUTSCHE BANK AG, : **CIVIL CASE MANAGEMENT PLAN**
: **AND SCHEDULING ORDER**
               Defendant. :
:
----------------------------------------x

      This Civil Case Management Plan, submitted in accordance with Rule 26(f), Fed. R. Civ. P., is adopted as the Scheduling Order of this Court in accordance with Rule 16(f), Fed. R. Civ. P.

1.    All Parties (Plaintiff Kelley Voelker and Defendant Deutsche Bank AG, collectively) do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2.    This case is to be tried to a jury.

3.    Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order.

4.    Initial disclosures pursuant to Rules 26(a)(l), Fed. R. Civ. P. have been served.

5.    All fact and expert discovery shall be completed, in accordance with the guidance of the Court to the Parties, no later than April 1, 2013, 180 days from the date of the Parties' October 2, 2012 conference with the Court.

6.    The Parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. In accordance with the guidance of the Court given to the Parties on October 2, 2012, Defendant will by no later than November 1, 2012, produce to Plaintiff: (a) all documents (except privileged documents) yielded by use of the electronic search terms agreed upon by the Parties on May 31, 2012 which date from September 12, 2005 to present; or (b) a complete set of responsive, non-privileged documents yielded by use of the electronic search terms agreed upon by the Parties on May 31, 2012 which date from September 12, 2005 to present. The following interim deadlines may be extended by the written consent of all Parties without application to the Court, provided all discovery is completed by the date set forth in paragraph 5 above:

        a.    Initial requests for production of documents have been served by both parties.

        b.    Interrogatories have been served by both parties.

        c.    Depositions to be completed 150 days from the date of this Order.

        d.    Requests to Admit to be served no later than 60 days after the date of this Order.

7.   a.    All expert discovery shall be completed no later than April 1, 2012.

      b.    No later than thirty (30) days prior to the date in paragraph 5, i.e. the completion of all fact discovery, the Parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) plaintiff(s)' expert report(s) shall be due before those of defendant(s)' expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8.   All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements.

9.   All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of discovery.

10.   a.    Counsel for the Parties discussed an exchange of information in aid of an early settlement of this case, but after Defendant provided certain information regarding the compensation of Defendant's employees, the Parties were unable to agree upon the production of additional similar information outside the formal discovery process.

      b.    Counsel for the Parties also have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator.

          The Parties participated in a mediation arranged through the District's Mediation Program on February 27, 2012. The mediation was unsuccessful.

      c.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11.   The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later, if applicable). By the Final Pretrial Submission Date, the Parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions in limine (for which the promotion conference requirement is waived) shall be filed by the Final Pretrial Submission Date. If this action is to be tried before a jury, proposed voir

dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12. Counsel for the Parties have conferred, and their present best estimate of the length of trial is 7-10 days.

13.

| Civil Case Management Plan Requirement | |
|---|---|
| Motion to amend or to join additional parties to be filed no later than: | 30 days from the date of this Order |
| Initial Disclosures pursuant to Rule (26(a)(1), Fed.R.Civ.P. to be served no later than: | Initial Disclosures have been served |
| All fact discovery to be completed no later than: | 180 days from Oct. 2, 2012 (i.e., April 1, 2013) |
| Discovery – Initial requests for production of documents to be served no later than: | Initial requests for production of documents have been served |
| Discovery- Interrogatories to be served no later than: | Interrogatories have been served |
| Discovery- Depositions to be completed no later than: | 150 days from the date of this Order |
| Discovery - Requests to admit to be served no later than: | 60 days from the date of this Order |
| All expert discovery to be completed no later than: | 180 days from Oct. 2, 2012 (i.e., April 1, 2013) |
| Parties to meet to confer on schedule for expert disclosures no later than: | 30 days prior to the completion of discovery (i.e., March 2, 2013) |
| All counsel to meet face-to-face to discuss settlement no later than: | 14 days from the completion of discovery |

| Date recommended by counsel for alternate dispute resolution: | N/A - - Parties attended Court-mandated mediation on Feb. 27, 2012 |
|---|---|

Dated: October __, 2012
       New York, New York

SEYFARTH SHAW
*Attorneys for Defendant Deutsche Bank AG*

By. _____
   Cliff Fonstein
   Jeremi Chylinski
   620 Eighth Avenue
   New York, New York 10018
   (212) 218-5500

THOMPSON WIGDOR LLP
*Attorneys for Plaintiff Kelley Voelker*

By: _____
   Douglas H. Wigdor
   Lawrence M. Pearson
   85 Fifth Avenue
   New York, New York 10003
   (212) 257-6800

*************************************************************************

TO BE COMPLETED BY THE COURT:

14.     The next Case Management is scheduled for _____ _____

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend shall be made in a written application in accordance with paragraph 1(E) of the Court's Individual Practices and shall be made no less than two (2) days prior to the expiration of the date sought to be extended.

SO ORDERED:

                                          _____
                                          The Honorable Paul A. Crotty
                                          United States District Judge

Dated: New York, New York

_____