UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Kelley Voelker,

                Plaintiff,

    v.

Deutsche Bank AG,

                Defendant.
------------------------------------------------------------X

No. 11 Civ. 6362 (PAC)

STIPULATION AND PROTECTIVE ORDER REGARDING PROTECTION OF CONFIDENTIAL AND PROPRIETARY INFORMATION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-31-13

WHEREAS, the parties consider some of the information sought and produced in discovery or contained in documents being sought or already produced in discovery to be of a confidential nature; and

WHEREAS, the parties have agreed to terms included in this Confidentiality Agreement to permit each other to discover and produce information deemed confidential pursuant to procedures protecting the confidentiality of such information;

IT IS HEREBY STIPULATED AND AGREED, as follows:

1. "Confidential Information," as used herein, means any type of classification of information produced by the parties (or derived from confidential information produced by the parties), designated as confidential by Plaintiff or Defendant, including, but not limited to, proprietary information, the identities, compensation, personnel files or other similar information with respect to current or former employees of Defendant, private or sensitive information concerning any of Defendant's clients and Plaintiff's financial and medical records.

2. The designation of "Confidential Information" may be made by marking the document wherein such confidential information is contained as "Confidential" or another

1

suitable marking, indicating the confidentiality of the information; or by letter of counsel for the parties.

3. Except as provided in paragraph 4 of this Confidentiality Agreement, "Qualified Person" as used herein means (a) members of any law firm appearing as counsel for the Plaintiff in this action; (b) Plaintiff; (c) any expert witnesses consulted or retained by Plaintiff or Plaintiff's counsel for the purpose of assisting in the prosecution of this action; (d) members of any law firm appearing as counsel for Defendant in this action; (e) Defendant's employees who may need to review confidential information in defense of this action, and (f) any expert witnesses consulted or retained by Defendant or Defendant's counsel for the purpose of assisting in the defense of this action. Any employees and/or any independent contractors of any law firm appearing as counsel for the parties in this action who have access to confidential information covered by this agreement will be instructed by counsel for the parties regarding this agreement, and shall abide by its terms and shall be bound by this Confidentiality Agreement to the same extent as if they had executed it as a Qualified Person.

4. Confidential Information shall be disclosed by the parties or the parties' counsel only to Qualified Persons who have read and agreed to be bound by this Confidentiality Agreement, and then only to the extent the parties and respective counsel in good faith believe such disclosure is reasonably necessary to the prosecution or defense of this litigation. Confidential information may also be disclosed to the Court in the context of this litigation. Should either party seek to have such information provided under seal, the other party shall not oppose such application. Notwithstanding anything herein to the contrary, neither party waives any right to use confidential material at trial or in court submissions, or any right to challenge the filing of material under seal at a later date.

5. Confidential Information shall be used only for purposes of this litigation, including any appeals related to this action (not in or for any other administrative, judicial, legislative, or other proceeding) and for no other purpose whatsoever, and shall not be disclosed, given, shown, discussed, or otherwise divulged or communicated to any person, except as provided herein.

6. In the event that either party disagrees with any designation of Confidential Information pursuant to paragraph 2 herein or considers it necessary to disclose Confidential Information to a person who is not a Qualified Person, counsel for each party shall notify opposing counsel in writing of their objection or desire to disclose Confidential Information to a person who is not a Qualified Person. The parties shall confer and attempt to resolve the matter informally. If they are unable to do so, an application may be made to the Court for a determination whether particular documents or other information should be treated as Confidential Information or whether the disclosure of the information shall be permitted. The information in question shall be treated as Confidential Information, subject to the terms of this Confidentiality Agreement, until the dispute is resolved (either by agreement of counsel for the parties or by an Order of the Court).

7. Notwithstanding the terms of paragraphs 3 through 6, counsel for Plaintiff and counsel for Defendant may, in the course of deposing a person who is not a Qualified Person, show the witness Confidential Information and examine the witness concerning such information, provided that: (a) the witness is informed that the information is confidential and is instructed that such confidentiality must be maintained; and (b) no persons are present during those portions of the examination concerning confidential information except the witness, the

parties, Qualified Persons, counsel for the parties, persons present at the request of the parties or their counsel, a court reporter and, if applicable, a videotape recorder operator.

8. At any deposition, the parties may, on the record of the deposition or by written notice to opposing counsel within thirty (30) days following receipt of the deposition transcript or videotape, designate portions of the testimony as confidential information (as defined in paragraph 1). Prior to the expiration of said thirty-day period, the transcript and videotape, and the information contained therein, shall be disclosed only to Qualified Persons. All copies of deposition transcripts or videotapes containing portions designated as confidential shall be marked "Confidential" on the cover thereof.

9. Confidential Information disclosed may be copied only to the extent necessary to permit its use in accordance with the terms of this Confidentiality Agreement. At the conclusion of this lawsuit, all Confidential Information, and all documents containing Confidential Information, in the possession of any Qualified Person or any other person who has received such documents pursuant to this Confidentiality Agreement, shall be returned to counsel for Plaintiff and Defendant, together with all documents, copies, extracts and summaries thereof, except that any documents, copies, extracts and summaries containing attorney work product will not be disclosed to any other individual for a period of seven years, after which they shall be destroyed and the parties' counsel shall, upon request, certify in writing to opposing counsel that all such documents, copies, extracts and summaries have been returned or destroyed. Counsel for the parties also are permitted to maintain a complete archival copy of pleadings and other materials submitted to the Court which may contain Confidential Information following the end of the litigation.

10. The disclosure by Plaintiff or Defendant or their counsel of a document or information to a Qualified Person without designating it as Confidential Information shall not constitute a waiver of the parties' right to designate such document or information as confidential information and, if so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Confidentiality Agreement.

11. In the event that a producing party discovers that information or documents which are subject to attorney-client privilege or the work-product doctrine have been inadvertently produced, the producing party shall notify the receiving party within a reasonable time of the discovery of the error and provide a privilege log to the receiving party that complies with the Federal Rules of Civil Procedure. The receiving party shall return all copies of the information or documents to the producing party within ten (10) days of receipt of such notice. However, within ten (10) days of receipt of such notice, if the receiving party wishes to challenge the producing party's assertion of privilege, the receiving party may, with notice to the producing party, provide the Court with one copy of the disputed privileged material for *in camera* review, together with an explanation as to why the document should not be deemed privileged. The producing party shall then have ten (10) days to make a submission to the Court regarding why the disputed privileged material should be considered privileged. The fact that such privileged documents are produced, inadvertently or otherwise, shall not be construed as a waiver of any applicable attorney-client privilege and/or the work product doctrine. The fact that privileged documents are returned shall not be construed as an admission by the receiving party that the documents are in fact subject to the attorney-client privilege or the work product doctrine.

12. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Information is produced or disclosed.

**SO STIPULATED AND AGREED:**

| THOMPSON WIGDOR LLP | SEYFARTH SHAW LLP |
|---|---|
| By *(signed)* | By *(signed)* |
| Douglas H. Wigdor | Cliff Fonstein |
| Lawrence M. Pearson | Jeremi Chylinski |
| | |
| 85 Fifth Avenue | 620 Eighth Avenue |
| New York, NY 10003 | New York, New York 10018 |
| (212) 257-6800 | (212) 218-3392 |
| dwigdor@thompsonwigdor.com | cfonstein@seyfarth.com |
| lpearson@thompsonwigdor.com | jchylinski@seyfarth.com |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

SO ORDERED this 31 day of January, 2013
New York, New York

*(signed)*
The Honorable Paul A. Crotty
United States District Judge