UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                      :

KELLEY VOELKER,

                    Plaintiff,

                  -against-

DEUTSCHE BANK AG,

                    Defendant.
-------------------------------------------------------------- X

11-CV-6362 (VEC)

**MEMORANDUM OPINION AND ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/11/2014

VALERIE CAPRONI, District Judge:

      This pending discovery dispute stems from Plaintiff's demand for, and Defendant's refusal to produce, certain adverse impact analyses ("AIAs") and related correspondence in connection with a series of reductions in force ("RIFs") undertaken by Deutsche Bank in 2012 (collectively "the Disputed Materials"). The Court assumes the parties' familiarity with the facts, history, and procedural posture of the case.

      On August 5, 2014, Defendant Deutsche Bank submitted a letter and declaration from in-house employment attorney, Keri Matthews, Esq. (the "Matthews Declaration"), in support of its position that the Disputed Materials are subject to the attorney-client privilege or the work-product doctrine and, therefore, are protected from disclosure. In particular, Defendant argues that the Disputed Materials were prepared at the direction and under the supervision of Deutsche Bank's Legal Department in order to assess the potential adverse impact on a protected class within the population being restructured so that the Legal Department could provide legal advice regarding the layoff proposals. Def.' Ltr. of Aug. 5, 2014 at 1. In response, Plaintiff filed a letter with the Court on August 15, 2014, arguing that the Disputed Materials are not protected by the attorney-client privilege or the work-product doctrine because they were merely prepared

as part of a "routine business practice," namely that of "compiling information regarding layoff decisions," and that the Matthews Declaration should be disregarded as "self-serving" and contradicted by contemporaneous documents.  Pl.'s Ltr. at 1, 3.  For the following reasons, the Court holds that the Disputed Materials are subject to the attorney-client privilege and, therefore, are protected from disclosure.

## DISCUSSION

### I.    The Attorney-Client Privilege

"The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal assistance." *Brennan Ctr. for Justice at New York Univ. Sch. of Law v. U.S. Dep't of Justice*, 697 F.3d 184, 207 (2d Cir. 2012) (citing *United States v. Mejia,* 655 F.3d 126, 132 (2d Cir. 2011)).  The attorney client privilege "exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." *Upjohn Co. v. United States,* 449 U.S. 383, 390 (1981).  As a result, in the corporate context, the privilege may extend to communications among non-attorneys if they were made "at the direction of counsel, to gather information to aid counsel in providing legal services." *In re Rivastigmine Patent Litig.,* 237 F.R.D. 69, 80 (S.D.N.Y. 2006).  That said, courts should be "wary that the involvement of the attorney is not being used simply to shield corporate communications from disclosure." *Id.*  The party seeking to assert the privilege bears the burden for establishing its applicability.  *See United States v. Adlman*, 68 F.3d 1495, 1500 (2d Cir. 1995).

Defendant has clearly established that the Disputed Materials are covered by the attorney-client privilege.  Evidence submitted by Defendant shows that the AIAs were created at the direction of counsel, with the input of Human Resources ("HR") personnel.  The assistance of

HR personnel was required because they alone had access to the data necessary for counsels' review and analysis. Matthews Decl. ¶ 8. The AIAs were not prepared with input from business personnel in the ordinary course of business but, instead, were created at the direction of counsel in order to facilitate the provision of legal advice in conjunction with specific RIFs or restructuring events. *Id.* ¶ 9. Only HR and legal personnel appear on the cover emails transmitting the AIAs, and both the AIAs and their corresponding cover communications are marked with indicators showing that they were not intended for wider distribution. Because business personnel were not involved, there is little risk that the Disputed Materials were merely transmitted to attorneys in an improper attempt to shield corporate business communications from disclosure. The fact that certain email communications were circulated among HR personnel only is not surprising inasmuch as HR personnel needed to gather information among themselves before passing that information on to counsel. *Id.* ¶ 11.

Plaintiff's counterarguments based on *Abel v. Merrill Lynch & Co., Inc.*, 91 Civ. 6261(RPP), 1993 WL 33348 (S.D.N.Y. Feb. 4, 1993) and *Zhao v. Deutsche Bank AG*¸ 13-cv-2116 (GBD)(GF) (S.D.N.Y. June 24, 2014) are unavailing. In *Abel*, the Defendant no longer possessed any of the underlying statistical employment facts other than those found in communications allegedly prepared for counsel, but claimed that those materials should nonetheless be protected from disclosure by the attorney-client privilege. *Abel,* 1993 WL 33348 at *2. Under these circumstances, the court held that Defendant could not insulate itself from a civil rights suit by eliminating all data regarding the demographics of its workforce other than data held by the attorneys and then assert the attorney-client privilege over those documents. *Id.* at *3. Here, in contrast, Defendant has offered, and in fact, already been ordered to produce the demographic and employment statistics underlying the Disputed Materials, *see* Dkt. No. 60,

raising the question of what relevant information, apart from privileged communications, Plaintiff hopes to obtain from the pending discovery request.

In *Zhao*, Magistrate Judge Freeman found that Defendant Deutsche Bank had failed to meet its burden in establishing the privilege where the only evidence offered in support was a single email suggesting that the AIAs in question would be presented to counsel for approval. *Zhao*, 13-cv-2116, slip op. at 3. Under these circumstances, Magistrate Judge Freeman found that there was no evidence indicating that the documents had actually been created for the purpose of providing legal advice or that they included anything other than raw statistical data. *Id.* Here, in contrast, Defendant provided ample evidence, both through the Matthews Declaration and the actual documents submitted for *in camera* review, that the Disputed Materials were in fact created at the direction or under the supervision of counsel, for the purpose of the company obtaining legal advice.

Because the Court finds the Disputed Materials to be protected by the attorney-client privilege, it need not reach the question of whether the Disputed Materials are also covered by the work-product doctrine.

## CONCLUSION

For the reasons stated above, the Disputed Materials are covered by the attorney-client privilege, and therefore protected from disclosure.

**SO ORDERED.**

Date:  September 11, 2014              **VALERIE CAPRONI**
       New York, NY                    **United States District Judge**

4